IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. CARROLL, #266826, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv944-WHA |
| | ) | (WO) |
| CYNTHIA WHEELER WHITE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by state inmate Christopher D. Carroll ("Carroll").  Doc. No. 1.[1]

## I.   BACKGROUND

On May 12, 2009, a jury in Houston County, Alabama, found Carroll guilty of three

counts of sexual abuse of a child under the age of 12, in violation of § 13A-6-69.1, Ala. Code

1975.  On July 12, 2009, the trial court sentenced Carroll to 15 years in prison on each count,

with two terms to run concurrently and the other term to run consecutively.

Carroll appealed, claiming that the trial court erred by refusing to allow him to present

evidence that the victim made a false allegation of sexual abuse against another individual.

Resp'ts Ex. B.  On January 29, 2010, by unpublished memorandum opinion, the Alabama

Court of Criminal Appeals affirmed Carroll's convictions and sentence.  Resp'ts Ex. D.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.
Page references are to those assigned by CM/ECF.

Carroll applied for rehearing, which was overruled on February 19, 2010. Resp'ts Ex. E. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on April 9, 2010. Resp'ts Ex. F. On the same date, a certificate of judgment was issued. *Id.* Carroll did not seek certiorari review with the United States Supreme Court.

About March 18, 2011, Carroll filed a *pro se* petition for post-conviction relief under Ala.R.Crim.P. 32 presenting the following claims:

1. The jury venire was not sworn before voir dire.

2. On the second day of trial, jurors were not reminded that they were still under oath.

3. Trial counsel rendered ineffective assistance by failing to argue that the jury was not properly sworn.

4. Appellate counsel rendered ineffective assistance by failing to raise on appeal his ineffective assistance of trial counsel claim and substantive claim that the jury was not properly sworn.

5. His sentence exceeded the statutory maximum and was therefore illegal.

6. Trial and appellate counsel rendered ineffective assistance by failing to argue that his sentence was illegal.

7. Trial counsel rendered ineffective assistance by failing to investigate claims that the victim made a false allegation of sexual abuse against another individual.

8. Appellate counsel rendered ineffective assistance by failing to raise on appeal the claim that trial counsel was ineffective for failing to investigate claims that the victim made a false allegation against another individual

9. Trial counsel rendered ineffective assistance by failing to

2

investigate and obtain a recorded telephone conversation between Carroll and an investigator that would have supported suppression of a videotaped recording of Carroll's admission that he touched the victim.

10.    Appellate counsel rendered ineffective assistance by failing to raise on appeal the claim that trial counsel was ineffective for failing to investigate and obtain the recorded telephone conversation between Carroll and an investigator.

Resp'ts Ex. G at 17-44.

After receiving a response from the State and holding an evidentiary hearing, the trial court entered an order on September 6, 2011, denying Carroll's Rule 32 petition. Resp'ts Ex. G at 48-50, 68-69, 79-101.

Carroll appealed, reasserting the claims in his Rule 32 petition. Resp'ts Ex. H. On April 13, 2002, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying the Rule 32 petition. Resp'ts Ex. J. Carroll applied for rehearing, which was overruled on May 11, 2012. Resp'ts Ex. K. He did not file a petition for writ of certiorari with the Alabama Supreme Court. On May 30, 2012, the Alabama Court of Criminal Appeals issued a certificate of judgment. Resp'ts Ex. L.

On September 11, 2012, Carroll initiated this habeas action by filing a § 2254 petition asserting the following claims:

1.    The evidence was insufficient to support one of the sexual abuse counts of which he was convicted.

2.    Trial counsel was ineffective for failing to object to submission of all three sexual abuse counts to the jury when the evidence supported only two of the counts.

3.      The State failed to disclose impeachment evidence.

4.      Appellate counsel rendered ineffective assistance by failing to argue on appeal that one of the counts of conviction was unsupported by the evidence.

Doc. No. 1 at 5-10; 16-18; Doc. No. 2 at 1-2.

The respondents contend that all of Carroll's claims are procedurally defaulted.  Doc. No. 9 at 4-5.  After review of the parties' submissions, the record, and the pertinent law, the undersigned finds that Carroll is not entitled to habeas relief because his claims are procedurally barred from federal review; therefore, his § 2254 petition should be denied without an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### <u>Procedural Default</u>

The respondents contend that Carroll did not present the state courts with any of the claims in his § 2254 petition and that his claims are therefore procedurally defaulted.  Doc. No. 9 at 4-5.  A review of the record confirms the respondents' contention that Carroll did not present the state courts with any of the claims in his petition.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not raised or not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Here, no state remedy remains for Carroll to return to state court to present his unexhausted claims; any attempt now to present his claims in state court would be barred under state procedural rules. It is too late for Carroll to raise his substantive claims in a direct appeal and the claims would also be procedurally barred, on various grounds, if asserted in another Rule 32 petition. *See, e.g*, Ala.R.App.P. 4(b)(1); Ala.R.Crim.P. 32.2(b), 32.2(c), 32.2(a)(1)-(4). Likewise, any attempt by Carroll to raise his ineffective assistance of counsel claims in another Rule 32 petition would be successive and untimely. Ala.R.Crim.P. 32.2(b), (d) & 32.2(c). Consequently, all claims in Carroll's § 2254 petition are procedurally defaulted.

<u>Exceptions for Procedurally Defaulted Claims</u>

This court may reach the merits of a procedurally defaulted claim only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting

from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

*Cause and Prejudice*

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). In this context, to establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.

Carroll asserts no grounds as cause for the procedural default of his claim that the State failed to disclose impeachment evidence. He alleges ineffective assistance of trial and appellate counsel as cause for the procedural default of his claim that the evidence was insufficient to support one of the sexual abuse counts of which he was convicted. *See* Doc. No. 13 at 2. (The two remaining claims in his habeas petition are premised on the alleged ineffective assistance of trial and appellate counsel for failing to argue that one of the sexual abuse counts was unsupported by the evidence.) However, the record reflects that Carroll's

6

trial counsel, in support of a motion for judgment of acquittal, argued vigorously that the evidence supported, at most, only two of the sexual abuse counts and that no evidence was presented to support the third count. Resp'ts Ex. A, Vol. 2, at 148-49; Resp'ts Ex. A, Suppl. 1-Vol. 2 (Redacted Version) at 49-57. Because trial counsel clearly raised this claim, his alleged failure to do so cannot be cause excusing the procedural default.

As for the failure of Carroll's appellate counsel to pursue the claim that no evidence was presented to support the third sexual abuse count, Carroll is foreclosed from using the allegedly deficient performance of appellate counsel in this regard as cause to excuse his procedural default of the underlying claim, because he did not raise an ineffective-assistance-of-appellate-counsel claim founded on this premise in the state courts. *See Henderson*, 353 F.3d at 896 (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)) ("[A]n ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default."). *But see Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012).[2]

For the reasons indicated above, Carroll fails to establish cause excusing his

---

[2] In *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), the United States Supreme Court held, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320. *Martinez* "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of *ineffective assistance at trial*...." *Id*. (emphasis added). Because *Martinez* is limited to claims of ineffective assistance of trial counsel, its holding does not extend to Carroll's claim of ineffective assistance of appellate counsel.

procedural default of his habeas claims.[3]

*Actual Innocence*

As grounds for avoiding application of a procedural bar in his case, Carroll asserts that he is actually innocent of one of the sexual abuse counts of which he was convicted. Demonstrated actual innocence may trump a procedural bar in a habeas proceeding to provide a gateway to federal review of an otherwise defaulted § 2254 claim. *See Murray*, 477 U.S. at 495-96; *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

As the Supreme Court in *Schlup* observed:

---

[3] Carroll also seems to suggest that the state courts' alleged "failure to timely act on" a second Rule 32 petition he says he filed shortly after conclusion of the state court proceedings on his first Rule 32 petition constitutes cause excusing the procedural default of his claims. *See* Doc. No. 13 at 2-4. Whatever the status of the second Rule 32 petition Carroll says he filed, Carroll fails to show how the alleged failure of the state courts to act on that petition prevented him from presenting, and exhausting, his defaulted claims in previous state court proceedings – on direct appeal and/or in his first Rule 32 petition. Therefore, the status of his second Rule 32 petition does not constitute cause excusing the procedural default of his habeas claims.

> [A] substantial claim that constitutional error has caused the conviction of an
> innocent person is extremely rare.... To be credible, such a claim requires
> petitioner to support his allegations of constitutional error with new reliable
> evidence – whether it be exculpatory scientific evidence, trustworthy
> eyewitness accounts, or critical physical evidence – that was not presented at
> trial. Because such evidence is obviously unavailable in the vast majority of
> cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Carroll points to no new reliable evidence, as required by *Schlup*, to support his

claim that he is actually innocent of one of the sexual abuse counts of which he was

convicted. Instead, he merely reargues the sufficiency of the evidence as to one of the

counts, asserting that, at most, the evidence at trial would support only two of his

convictions. Such an argument will not sustain a claim of actual innocence. *Bousley*, 523

U.S. at 623-24; *see, e.g., Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30,

2012) (allegations of prosecution's failure to prove essential elements of offense go to

sufficiency of and/or weight afforded the evidence presented and do not constitute "new

reliable evidence" going to petitioner's actual innocence); *Brown v. Dretke*, 2003 WL

22251389, at *1-2 (N.D. Tex. Sep. 30, 2003) (holding petitioner's burden of establishing

actual innocence to excuse procedural default had not been met despite allegations of a fatal

variance between the indictment and the evidence).

Consequently, Carroll's assertion of actual innocence provides no gateway for review

of his procedurally defaulted claims, and his claims are foreclosed from federal habeas

review

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before October 13, 2015.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 29th day of September, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE